234 So.2d 604 (1970)
The TRAVELERS INDEMNITY COMPANY
v.
DAVIS WHOLESALE DRUG COMPANY, Inc.
No. 45656.
Supreme Court of Mississippi.
March 9, 1970.
Rehearing Denied May 11, 1970.
Watkins & Eager, Elizabeth Hulen, Jackson, for appellant.
Jack A. Travis, Jr., Jackson, for appellee.
PATTERSON, Justice:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County wherein Davis Wholesale Drug Company, Inc. was awarded a judgment of $21,600 against The Travelers Indemnity Company.
The suit arose from an insurance contract issued by The Travelers Indemnity Company to Davis Wholesale Drug Company, Inc. providing coverage against loss resulting from "employee dishonesty." The drug company submitted its claim of $46,570.79 to The Travelers Indemnity Company for losses due to theft of employees. The claim was denied, precipitating this suit. In its answer Travelers denied liability under the policy, relying upon the following clause:

EXCLUSIONS
Section 2. This policy does not apply: * * *
(b) Under Insuring Agreement I, to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its *605 amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this paragraph shall not apply to loss of Money, Securities or other property which the insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the employees.
However, the fact of plaintiff's loss having been established, Travelers admits on appeal that it is liable in some amount, but contends that the verdict of $21,600 was not proven with reasonable certainty and resulted from the introduction of prejudicial evidence.
In Gotcher Engineering & Manufacturing Company v. United States Fidelity & Guaranty Company, 193 So.2d 115 (Miss. 1966), we held an identical exclusionary clause to be without ambiguity. We also adopted, and therefore approved, the language used in Fort Smith Tobacco & Candy Company v. American Guarantee and Liability Insurance Company, 208 F. Supp. 244 (W.D.Ark. 1962), a case involving an identical clause of exclusion. In Gotcher we quoted:
* * * the plaintiff cannot recover for any claim based upon inventory computation, but the policy does not provide that the plaintiff is precluded from introducing inventory computations. However, before it can recover it must produce "evidence wholly apart from such computations" which "reasonably proves that the loss was in fact due to the fraud or dishonesty of one or more of the said employees." 193 So.2d at 117.
The loss due to the dishonesty of some of its employees was established in the trial court by evidence wholly apart from computations and is admitted on appeal. The question remaining is whether the jury verdict is supported by competent evidence or was the result, as contended, of prejudicial inventory computations.
We are of the opinion that the testimony relating to inventory computations was not prejudicial since the fact of loss had been established by evidence separate and distinct from inventory computations. It was competent to corroborate the direct evidence offered by the plaintiff's witness of the fact of systematic thievery as well as to corroborate the quantities of pharmaceuticals illegally removed. It also was a predicate for the direct evidence of the general manager of the drug company concerning the value of the many items taken. The jury could from this evidence reasonably ascertain, we think, the quantity of merchandise taken, and by relating the values thereto arrive at a just verdict.
Exactitude in a jury verdict is not always required, nor should the difficulty of ascertaining damages bar the suit. The discretion of the jury as to the amount of damages to be awarded, though wide, is not an arbitrary or unlimited discretion, but must be exercised reasonably, intelligently, and in harmony with the testimony before the jury and in accord with the instructions of the court. Koehring Co. v. Hyde Constr. Co., 254 Miss. 214, 178 So.2d 838 (1965); Billups Petroleum Co. v. Hardin's Bakeries Corp., 217 Miss. 24, 63 So.2d 543 (1953). We cannot state that the jury abused its discretion in the present case nor that it failed to follow the instructions of the court.
We, therefore, are of the opinion that there was competent and sufficient evidence to support the verdict of the jury.
Affirmed.
GILLESPIE, P.J., and JONES, INZER and ROBERTSON, JJ., concur.